# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | |
|---|---|
| MASHELL R. MANN,          )<br>                             )<br>    Petitioner,            )<br>                             )<br>v.                           )<br>                             )<br>WARDEN CHADWICK CRABTREE,    )<br>et al.,                      )<br>                             )<br>    Respondents.           ) | Case No.  6:18-cv-00414-MHH-JEO |

## REPORT AND RECOMMENDATION

On January 12, 2018,[1] Petitioner, Mashell R. Mann, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  She challenges the validity of the Alabama Board of Pardons and Paroles Board's January 10, 2018, decision to deny her parole.  (Doc. 1). She claims the Board violated its own Rules, Regulations and Guidelines and relied on false information.  (*Id.* at 1).   Based on the analysis herein, the undersigned **RECOMMENDS** that the court **DISMISS WITHOUT PREJUDICE** the habeas corpus petition.

---

[1] Because prisoners proceeding *pro se* have virtually no control over the mailing of their pleadings, their pleadings are deemed to be filed at the time the prisoner delivers the pleading to prison or jail officials to be mailed.  *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988).  Although the record contains no information regarding the date Mann gave her petition to prison officials to mail, she signed the petition on January 12, 2018.  The court will therefore deem the petition filed on that date.  (The court received the petition on January 23, 2018.)

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases allows a habeas corpus petition to be dismissed summarily by a district court if it plainly appears from the face of the petition that the petitioner is not entitled to any relief. Before a petitioner may maintain a federal habeas corpus action, she must first exhaust all available state remedies. *Georgalis v. Dixon*, 776 F.2d 261 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087 (11th Cir. 1982); 28 U.S.C. § 2254(b)(1). A habeas claim is not exhausted so long as a petitioner "has a right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). More precisely, "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845; *see also Kelley v. Secretary for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004) ("The petitioner must present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon (his) constitutional claim.'").

>Under Alabama law, "one complete round" of review of a parole [denial] decision includes: (1) filing a petition for certiorari in state circuit court, *see Johnson v. State*, 729 So.2d 897, 898 (Ala. Crim. App. 1997); (2) appealing the denial of that petition to the Alabama Court of Criminal Appeals, *see* Ala. Code § 12-3-9 (2003); *Johnson,* 729 So. 2d at 898; (3) petitioning the Alabama Court of Criminal Appeals for rehearing, *see* Ala. R. App. P. 39(c)(1); and (4) seeking discretionary review in the Alabama Supreme Court, *see* Ala. R. App. P. 39(c).

*Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).

Petitioner filed this habeas petition on January 12, 2018, only two days after the parole board issued its decision. Therefore, it is apparent on the face of the petition that she has yet to exhaust the state remedies available to challenge her January 10, 2018, denial parole denial.

## CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that the court **DISMISS WITHOUT PREJUDICE** Mann's petition for writ of habeas corpus to allow her to pursue and exhaust available state remedies.

## NOTICE OF RIGHT TO OBJECT

Petitioner may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the clerk. **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.** Failure to do so will bar any later challenge or review of the factual findings of the magistrate judge, except

for plain error.  *See* 28 U.S.C. § 636(b)(1)(C); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).

To challenge the findings of the magistrate judge, petitioner must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  Objections not meeting this specificity requirement will not be considered by a district judge.  Furthermore, any objections to the failure of the magistrate judge to address any contention raised in the petition must also be included.  However, the filing of objections is not a proper vehicle to make new allegations or present additional evidence.

Petitioner may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

**DATED** this 19th day of April, 2018.

*[signature: John E. Ott]*

**JOHN E. OTT**
Chief United States Magistrate Judge